IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RMB PROPERTIES, LLC – SERIES I,<br><br>Plaintiff,<br><br>v.<br><br>171 ATLANTIC ROAD LLC,<br><br>Defendant. | Civil Action No.: 1:23-cv-10489 |

## COMPLAINT WITH JURY DEMAND

Plaintiff RMB Properties, LLC – Series I ("RMB") for its Complaint against Defendant 171 Atlantic Road LLC ("171 Atlantic") alleges and states the following:

### PARTIES, JURISDICTION, AND VENUE

1. RMB is a limited liability company organized under the laws of the state of Delaware with its principal place of business at 27 N. Wacker Drive, Suite 518, Chicago, IL 60606. RMB's sole member is The Ronald Berman Revocable Trust. The sole member of The Ronald Berman Revocable Trust is Lawrence M. Bober, a citizen of Illinois.

2. 171 Atlantic is a limited liability company organized under the laws of the Commonwealth of Massachusetts with its principal place of business at 607 Main Street, Woburn, MA 01801. Upon information and belief, each member of 171 Atlantic is a citizen of Massachusetts.

3. Diversity jurisdiction is appropriate in this Court under 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 and there is complete diversity of citizenship among RMB and 171 Atlantic.

4.      The Court has personal jurisdiction over 171 Atlantic under Mass. Gen. Laws ch. 223A § 3 because 171 Atlantic transacts business within Massachusetts.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Massachusetts is both (i) the judicial district in which a substantial part of the events or omissions giving rise to the claims in this lawsuit occurred; and (ii) the judicial district in which the property that is the subject of this action is located.

### FACTS

6.      171 Atlantic was previously the owner of property located at 171 Atlantic Road (Lot 1), Gloucester, Essex County, Massachusetts (the "Property") which consists of a 7,800 square foot single family home (the "House") situated on a 30,000 square foot lot.

7.      The House was originally constructed in 1908. After 171 Atlantic purchased the Property, it engaged Melanson Development to renovate the House and surrounding Property.

8.      After renovation, 171 Atlantic marketed the Property as having been totally restored and renovated.

9.      On or about September 18, 2020, RMB entered into a Purchase and Sale Agreement (the "Agreement") under which RMB agreed to purchase the Property from 171 Atlantic. A true and accurate copy of the Agreement is attached and incorporated herein as **Exhibit A**.

10.     Prior to closing, RMB conducted a final inspection of the Property and compiled a list of issues that needed to be repaired. This list was incorporated into the Agreement as a "Preliminary Punchlist" outlined in Schedule 7. (Ex. A).

11.     The Agreement required 171 Atlantic to fix these punchlist issues prior to closing. (Ex. A, Rider C, Section 12; Ex. A, Rider A, Section 7).

12.     Under the Agreement, 171 Atlantic was also required to repair any issues with the

House covered by the Limited Warranty occurring within one year of RMB's possession of the Property. (Ex. A, Rider C).

13. Furthermore, under the Agreement, 171 Atlantic agreed to deliver the Property to RMB in the condition required by Section 9 of the Agreement. (Ex. A, Section 9).

14. The parties closed on the Property on September 18, 2020.

15. Soon after taking possession of the Property, RMB noted issues with the House that were covered by the Limited Warranty. Because these issues were covered by the Limited Warranty, 171 Atlantic was obligated to repair them.

16. RMB also noted that 171 Atlantic failed to remediate certain preliminary punchlist issues as required by the Agreement.

17. After discovering these issues, RMB immediately contacted 171 Atlantic about both (1) repairing the items covered by the Limited Warranty; and (2) repairing the remaining items on the preliminary punchlist.

18. However, 171 Atlantic failed to remediate the issues with the Property and the House as required by the Agreement.

19. Furthermore, RMB subsequently determined that the Property had not been delivered to RMB in the condition required by Section 9 of the Agreement. (Ex. A, Section 9).

20. Despite RMB demanding that 171 Atlantic take the actions needed to render the Property in the condition required by Section 9 of the Agreement, 171 Atlantic has failed to do so.

21. 171 Atlantic's actions outlined above constitute substantial and material breaches of the Agreement.

22. To date, 171 Atlantic has failed to repair the issues with the Property and House outlined by RMB.

## COUNT I
### (Breach of Contract)

23. RMB realleges the allegations contained in the preceding paragraphs as if set forth fully herein.

24. The Agreement constitutes a valid and binding agreement between RMB and 171 Atlantic.

25. RMB fulfilled all of its obligations under the Agreement.

26. Under the Agreement, 171 Atlantic was required to correct and complete the punchlist items prior to closing. (Ex. A, Rider A, Section 7; Ex. A, Rider C, Section 12).

27. After RMB took possession of the Property, it noted that 171 Atlantic failed to complete certain punchlist items.

28. RMB promptly raised this issue with 171 Atlantic.

29. Despite RMB's repeated demands, 171 Atlantic has failed to complete the remaining punchlist items.

30. Furthermore, under the Agreement, 171 Atlantic agreed to deliver the Property to RMB in the condition required by Section 9 of the Agreement. (Ex. A, Section 9).

31. RMB subsequently determined that the Property had not been delivered to RMB in the condition required by Section 9 of the Agreement. (Ex. A, Section 9).

32. Despite RMB demanding that 171 Atlantic take the actions needed to render the Property in the condition required by Section 9 of the Agreement, 171 Atlantic has failed to do so.

33. 171 Atlantic's actions outlined above constitute substantial and material breaches of the Agreement.

34. As a result of 171 Atlantic's breach, RMB has suffered damages in an amount to be proven at trial, but not less than $500,000, plus applicable pre- and post-judgment interest as

may be allowed under the Agreement and/or applicable law, legal fees, and costs of this action.

## COUNT II
### (Breach of Warranty)

35. RMB realleges the allegations contained in the preceding paragraphs as if set forth fully herein.

36. Under the Agreement, 171 Atlantic was required to repair any issues with the House covered by the Limited Warranty occurring within one year of RMB's possession of the Property. (Ex. A, Rider C).

37. Soon after taking possession of the Property, RMB noted issues with the House that were covered by the Limited Warranty.

38. RMB demanded 171 Atlantic remediate these issues as required by the Limited Warranty.

39. In breach of the Limited Warranty, 171 has failed to repair the Limited Warranty issues.

40. As a result of 171 Atlantic's breach of the Limited Warranty, RMB has suffered damages in an amount to be proven at trial, but not less than $500,000, plus applicable pre- and post-judgment interest as may be allowed under the Agreement and/or applicable law, legal fees, and costs of this action.

## COUNT III
### (Declaratory Judgment)

41. RMB realleges the allegations contained in the preceding paragraphs as if set forth fully herein.

42. A justiciable controversy exists between RMB and 171 Atlantic regarding 171 Atlantic's obligations under the Agreement to repair various issues with the House and the

Property discovered after RMB took possession of the Property.

43. RMB has a legal interest in this controversy.

44. Pursuant to 28 U.S.C. §2201(a) and Mass. Gen. Laws ch. 231A § 1, judgment should be entered in favor of RMB declaring that, pursuant to the Agreement, 171 Atlantic is (a) required to remediate the breaches of the Agreement relating to (i) the punchlist items; (ii) the Limited Warranty items; and (iii) the fact that the Property was not delivered to RMB in the condition required by Section 9 of the Agreement; and (b) required to pay RMB's legal fees and costs of this action.

WHEREFORE, Plaintiff RMB Properties, LLC – Series I prays for and demands judgment as follows:

   a. Judgment on Count I of its Complaint against 171 Atlantic in an amount in excess of $500,000 to be proven at trial, plus interest, legal fees, and costs of this action;

   b. Judgment on Count II of its Complaint against 171 Atlantic in an amount in excess of $500,000 to be proven at trial, plus interest, legal fees, and costs of this action;

   c. Judgment on Count III of its Complaint declaring that that, pursuant to the Agreement, 171 Atlantic is required to remediate the breaches of the Agreement relating to (i) the punchlist items; (ii) the Limited Warranty items; and (iii) the fact that the Property was not delivered to RMB in the condition required by Section 9 of the Agreement

   d. For any other relief that the court may deem just, equitable, and proper.

Dated: March 2, 2023

RMB Properties, LLC – Series I,

By its attorneys:

/s/ *Patrick Dinardo*
Patrick Dinardo (BBO# 125250)
pdinardo@sullivanlaw.com
Ryan Rosenblatt (BBO# 698490)
rrosenblatt@sullivanlaw.com
SULLIVAN & WORCESTER LLP
One Post Office Square

Boston, MA 02109  
Tel: 617.338.2800  
Fax: 617.338.2880

## **JURY DEMAND**

Plaintiff RMB Properties, LLC – Series I hereby demands a trial by jury, composed of the maximum number of jurors permitted, on all issues so triable.

Dated: March 2, 2023

        RMB Properties, LLC – Series I,

        By its attorneys:

        /s/ *Patrick Dinardo*
        Patrick Dinardo (BBO# 125250)
        pdinardo@sullivanlaw.com
        Ryan Rosenblatt (BBO# 698490)
        rrosenblatt@sullivanlaw.com
        SULLIVAN & WORCESTER LLP
        One Post Office Square
        Boston, MA 02109
        Tel: 617.338.2800
        Fax: 617.338.2880