UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| RMB PROPERTIES, LLC – SERIES I, | ) ) ) |   |
| Plaintiff, | ) ) |   |
| v. | ) ) | Civil Action No. 23-10489-MJJ |
| 171 ATLANTIC ROAD LLC, | ) ) ) |   |
| Defendant. | ) ) |   |

ORDER ON PLAINTIFF'S MOTION TO COMPEL
[Docket No. 27]

October 26, 2023

Boal, M.J.

  Plaintiff RMB Properties, LLC – Series I ("RMB") has moved to compel defendant 171 Atlantic Road LLC ("171 Atlantic") to produce certain documents. Docket No. 27.[1] RMB also seeks an award of its costs and fees as well as sanctions for 171 Atlantic's failure to respond to its request for a Rule 37.1 conference. Id. For the following reasons, this Court grants in part and denies in part the motion.

I. BACKGROUND

  This case involves RMB's purchase of the property located at 171 Atlantic Road, Gloucester, MA (the "Property") from 171 Atlantic. The parties entered into a Purchase and Sale Agreement ("P&S") on or around September 18, 2020. Complaint at ¶ 9. Pursuant to the P&S, 171 Atlantic was required to fix certain "punchlist" issues, deliver the Property in the

---

[1] Judge Joun referred the motion to the undersigned on September 27, 2023. Docket No. 33.

1

condition required by Section 9 of the P&S, and repair any issues with the Property covered by a limited warranty occurring within one year of RMB's possession of the Property.  Id. at ¶¶ 10-13.  RMB alleges that the Property was not delivered in the condition required by Section 9 of the P&S and that 171 Atlantic has failed to repair punchlist issues as well as issues covered by the limited warranty.  Id. at ¶¶ 15-22.

II.     ANALYSIS

    A.     Standard Of Review

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Whether discovery is proportional to the needs of the case depends on, among other things, "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the expense of the proposed discovery outweighs its likely benefit."  Id.

If a party fails to respond to requests for production of documents or interrogatories, the party seeking discovery may move to compel production of the requested information.  See Fed. R. Civ. P. 37(a)(3).  "[T]he party seeking an order compelling discovery responses over the opponent's objection bears the initial burden of showing that the discovery requested is relevant."  Torres v. Johnson & Johnson, No. 3:18-10566-MGM, 2018 WL 4054904, at *2 (D. Mass. Aug. 24, 2018) (citation omitted).  "Once a showing of relevance has been made, the objecting party bears the burden of showing that a discovery request is improper."  Id. (citation omitted).

      B.      <u>171 Atlantic Must Produce Documents
Responsive To Requests for Production 7 And 9</u>

RMB seeks documents responsive to Requests for Production ("RFP") 7 and 9.  RFP 7 requests "[a]ll documents related to the Property."  Docket No. 29-2 at 14.[2]  While this request is overly broad, RMB has narrowed it down to (1) any and all pre-construction pictures of the Property; (2) any and all pictures taken during the construction of the Property; (3) 171 Atlantic's entire project file for the its work on the Property; (4) any and all engineering reports for the Property; and (5) all communications with Melanson Development Group[3] regarding the Property.  Docket No. 29 at 5.  RFP 9 requests "[a]ll documents relating to 171 Atlantic's renovation of the Property."  Docket No. 29-2 at 14.

All of these categories of documents are plainly relevant to this litigation.  Indeed, in its opposition, 171 Atlantic did not challenge relevancy.  Rather, it made vague assertions about its "good faith" in responding to discovery requests and pointed to the numbers of documents that it has produced so far (which is totally irrelevant).  <u>See</u> Docket No. 28 at 1-2.  With respect to the request for the "project file," 171 Atlantic argues that such request is "overly broad and not descriptive."  <u>Id.</u> at 2.  RMB, however, has pointed out that the term "project file" is a well-understood term in the construction industry and has spelled out the categories of documents that would normally be part of such a file.  <u>See</u> Docket No. 32 at 3.

---

[2] Citations to "Docket No. ___" are to documents appearing on the Court's electronic docket.  They reference the docket number assigned by CM/ECF, and include pincites to the page numbers appearing in the top right corner of each page within the header appended by CM/ECF.

[3] 171 Atlantic engaged Melanson Development to renovate the Property.  Complaint at ¶ 7.

3

At the October 25, 2023 hearing, 171 Atlantic did not press these arguments. Rather, its counsel first suggested that she could attempt to resolve this dispute with RMB's counsel.[4] Later, counsel represented that 171 Atlantic had in fact produced all responsive documents. RMB pointed out that it has not received responsive documents that it would expect to exist in connection with the renovation of the Property.

I find that the documents RMB seeks are relevant and discoverable and must be produced. Accordingly, I order 171 Atlantic to search for responsive documents. If, after a further search, no such documents are found, 171 Atlantic shall provide a sworn certification, signed by counsel and an appropriate client representative, that they in fact have not found any further responsive documents after a diligent search. Any responsive documents or the certification shall be produced within two weeks.

C.      This Court Declines To Award Sanctions

RMB seeks an award of its fees and costs in connection with the motion, pursuant to Rule Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure, and as sanctions for 171 Atlantic's failure to respond to RMB's request for a discovery conference. Docket No. 29 at 9. At oral argument, counsel for 171 Atlantic represented that her failure to respond was due to inadvertence. This Court declines to award sanctions at this time but warns counsel that failure to abide by the rules in the future may subject them to sanctions.

---

[4] The time to have had such conversations was when RMB's counsel requested a discovery conference before filing its motion to compel. 171 Atlantic, however, failed to respond to RMB's request for such a conference. See Docket No. 29 at 8-9.

III.   ORDER

For the foregoing reasons, this Court grants in part and denies in part RMB's motion to compel.

      /s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE